UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIDNEY L. MARK #455880                                    CIVIL ACTION

versus                                                   NO. 08-1261

VENETIA MICHAEL                                          SECTION: "N" (1)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Sidney L. Mark, is a state prisoner incarcerated at the David Wade Correctional Center, Homer, Louisiana.  On June 20, 2002, he was convicted of armed robbery in violation of La.Rev.Stat.Ann. 14:64.[2]  On August 16, 2002, he was sentenced to a term of twenty-five years imprisonment without benefit of parole, probation, or suspension of sentence.[3]  On May 9, 2003, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence,[4] and the Louisiana Supreme Court denied him relief on June 25, 2004.[5]

In the interim, on or about December 15, 2003, petitioner had filed with the state district court an application for post-conviction relief.[6]  That application was denied on January 9, 2004.[7]  Petitioner did not seek timely review of that denial in the state's appellate courts; instead, on December 20, 2004, he filed a federal application for *habeas corpus* relief.  On May 25, 2005, that application was dismissed without prejudice based on petitioner's failure to exhaust his state court remedies.[8]

---

[2] State Rec., Vol. I of I, transcript of June 20, 2002, p. 132; State Rec., Vol. I of I, minute entry dated June 20, 2002.

[3] State Rec., Vol. I of I, transcript of August 16, 2002, p. 4; State Rec., Vol. I of I, minute entry dated August 16, 2002.

[4] State v. Mark, 844 So.2d 422 (La. App. 1st Cir. 2003) (Table) (No. 2002 KA 2462).

[5] State *ex rel.* Mark v. State, 876 So.2d 823 (La. 2004) (No. 2003-KH-1915); State Rec., Vol. I of I.

[6] State Rec., Vol. I of I.  The application was signed by petitioner on December 15, 2003, and stamped as filed by the clerk of court on December 19, 2003.

[7] State Rec., Vol. I of I, order dated January 9, 2004.

[8] Mark v. Michael, Civil Action No. 05-0187 (E.D. La. May 25, 2005).  "A court may take judicial notice of related proceedings and records in cases before the same court."  MacMillan

After that denial of relief by this federal court, petitioner then filed with the Louisiana First Circuit Court of Appeal a writ application in which he sought to challenge the prior denial of his state post-conviction application. On October 2, 2006, the Court of Appeal denied relief on the ground that petitioner's writ application was not properly filed under state law; however, the court granted him leave to file a properly completed application by December 28, 2006.[9] Petitioner subsequently filed a new writ application which the Louisiana First Circuit Court of Appeal then quickly denied without reasons assigned on February 7, 2007.[10] The Louisiana Supreme Court thereafter likewise denied a related writ application without assigning reasons on December 7, 2007.[11]

On or after January 9, 2008, petitioner filed the instant federal application for *habeas corpus* relief.[12] The state argues that petitioner's application must be dismissed as untimely.[13] The state is correct.

---

Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

[9] State v. Mark, No. 2006 KW 1491 (La. App. Oct. 2, 2006) (unpublished) (copy attached to Rec. Doc. 6).

[10] State v. Mark, No. 2006 KW 2346 (La. App. 1st Cir. Feb. 7, 2007) (unpublished) (copy attached to Rec. Doc. 6).

[11] State *ex rel.* Mark v. State, 969 So.2d 622 (La. 2007) (No. 2007-KH-0604) (copy attached to Rec. Doc. 6).

[12] Rec. Doc. 6. The petition was originally filed in the United States District Court for the Middle District of Louisiana and was subsequently transferred to this Court.

[13] Rec. Docs. 12 and 13.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[14]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on June 25, 2004. Therefore, under § 2244(d)(1)(A), his conviction became "final" no later than September 23, 2004, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).[15] Accordingly, petitioner's one-year period for seeking federal *habeas corpus* relief commenced on that date and, under normal circumstances, would have expired on September 23, 2005. However, the circumstances facing litigants and the Court were far from normal at that time due to the lasting effects of Hurricane Katrina. In light of that reality, Chief Judge Helen G. Berrigan of this Court issued the following order on September 1, 2005:

---

[14]   Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions do not appear to be applicable in the instant case.

[15]   The state argues that petitioner's conviction and sentence became final even earlier because his Louisiana Supreme Court writ application was untimely filed. While that may be true, the Court cannot make that determination based on the record currently before it. Nevertheless, the state also notes that petitioner's federal application is untimely even if he is given full credit for the disputed writ application. This Court agrees and, therefore, it is unnecessary to determine whether that disputed state filing was in fact timely filed.

Due to Hurricane Katrina and its aftermath, and the direct consequences of evacuation, the disruption of services and communication in the region, and the Courthouse in New Orleans, as well as numerous attorneys's offices, being temporarily inaccessible,

IT IS HEREBY ORDERED that all deadlines and delays, including liberative prescriptive and peremptive periods in cases pending or to be filed in this Court, are hereby suspended until ordered otherwise.

On November 3, 2005, Chief Judge Berrigan ordered that the suspension was "terminated effective November 25, 2005, except for good cause shown as determined by the presiding judge." In light of those orders,[16] the undersigned, out of an abundance of caution, concludes that the limitations period was arguably suspended, and therefore no portion of that period elapsed, during the period of September 1, 2005, through November 25, 2005. See MacCracken v. Louisiana, Civil Action No. 07-9540, 2008 WL 2951214, at *7 n.47 (E.D. La. July 25, 2008); cf. Brown v. City of New Orleans, Civil Action No. 06-9125, 2007 WL 2480984, at *4-5 (E.D. La. Aug. 30, 2007) (discussing effect of the suspension order in the context of a federal civil rights action); Antoine v. Riley, Civil Action No. 06-10546, 2007 WL 1537622, at *2 (E.D. La. May 24, 2007) (same); Robinson v. Pinion, Civil Action No. 05-6364, 2006 WL 2710443, at *1 (E.D. La. Sept. 19, 2006) (same); Failla v. Dynasty Distributors, Inc., Civil Action No. 06-16, 2006 WL 860969, at *4 n.5 (E.D. La. Mar. 24, 2006) (discussing effect of the suspension order in the context of an action under Louisiana's Unfair Trade Practices Law). When the limitations period resumed running at that point, petitioner had only

---

[16] The parties in this proceeding do not address Chief Judge Berrigan's orders and their effect in this proceeding. Nevertheless, the undersigned finds that those orders must be considered in determining the timeliness of petitioner's application.

twenty-three (23) days of the one-year period remaining, meaning that the federal limitations period expired on December 19, 2005,[17] unless it was further extended by tolling.

The Court first considers statutory tolling.  The AEDPA provides:  "The time during which a properly filed application for *State* post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added).  However, petitioner had no properly filed *state* applications pending at time during from September 23, 2004, through December 19, 2005.  During that period, petitioner apparently had only one application pending before any court, i.e. his first federal *habeas corpus* application which was filed with his Court on December 20, 2004, and dismissed on May 25, 2005.  Because that application was not a *state* application, petitioner clearly receives no statutory tolling credit based on its filing.  Duncan v. Walker, 533 U.S.

---

[17] The twenty-third day fell on December 18, 2005.  Because that day was a Sunday, the limitations period was extended through the following Monday.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

167, 172 (2001); *In re* Wilson, 442 F.3d 872, 876 n.5 (5th Cir. 2006).[18]  Accordingly, petitioner

-------------------------------------------------------------

[18]  The only other filing which could even *possibly* have been filed during that period was petitioner's first post-conviction writ application filed with the Louisiana First Circuit Court of Appeal.  The state contends, without furnishing any evidentiary support, that the writ application was not filed until July 20, 2006, i.e. long after the federal limitations period had already expired. However, even if the disputed writ application had been filed prior to December 19, 2005, it would change nothing here because it was not "properly filed" as required for tolling credit under 28 U.S.C. § 2244(d)(2).  It is clear that a "properly filed application" is "one that conforms with a state's applicable procedural filing requirements," i.e. "those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review."  Villegas v. Johnson, 184 F.3d 467, 470 & n.2 (5th Cir. 1999).  Therefore, to be "properly filed," an application must comply with the applicable  "rules governing filings," including "the form of the document." Artuz v. Bennett, 531 U.S. 4, 8 (2000).  Under the applicable rules of Louisiana state courts, an appellate court writ application must include all pertinent documents from the lower court, including but not limited to the following items:

> (F) a copy of the judgment, order, or ruling complained of (if by written judgment, order, or ruling);
> (G) a copy of the judge's reasons for judgment, order, or ruling (if written);
> (H) a copy of each pleading on which the judgment, order, or ruling was founded, including the petition(s) in civil cases and the indictment or bill of information in criminal cases ....

Louisiana Uniform Rules-Courts of Appeal, Rule 4-5.  Without any level of substantive review, the Louisiana First Circuit Court of Appeal rejected petitioner's application for noncompliance with that procedural rule, stating:

> **WRIT DENIED ON THE SHOWING MADE.**  Relator has failed to include the application for post-conviction relief, the State's answer, if any, a previous application for post-conviction relief, filed on December 19, 2003, the trial court's ruling of January 9, 2004 denying the application, the bill of information, the trial transcript or any other documents that might support his claim. Supplementation of this writ application and/or an application for rehearing will not be considered.  See Uniform Rules-Courts of Appeal, Rules 2-18.7 & 4-9.  Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling.  In the event relator elects to file a new application with this Court, the application must be filed on or before December 28, 2006.

State v. Mark, No. 2006 KW-1491 (La. App. Oct. 2, 2006) (emphasis in original) (unpublished) (copy attached to Rec. Doc. 6).  Therefore, regardless of when that application was filed, it was not "properly filed."

– 7 –

simply is not entitled to statutory tolling.

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  Petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief challenging this conviction had to be filed on or before December 19, 2005, in order to be timely.  Petitioner's federal application was not filed until on or after January 9, 2008,[19] and it is therefore untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

---

[19]   "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner's motion to proceed *in forma pauperis*, which was filed with the instant application, was dated January 9, 2008.  Therefore, the *habeas* application could not have been delivered to prison authorities for mailing prior to that date.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Sidney L. Mark be **DISMISSED WITH PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of August, 2008.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**